UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XYZ CORPORATION, | CASE NO.: 1:26-CV-00011 |
| PLAINTIFF, | |
| V. | JUDGE MARY M. ROWLAND |
| THE PARTNERSHIPS IDENTIFIED ON SCHEDULE A, | |
| DEFENDANTS. | MAGISTRATE JUDGE YOUNG B. KIM |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR ELECTRONIC SERVICE OF PROCESS**

Plaintiff, XYZ Corporation ("Plaintiff"), submits this Memorandum in support of its Motion for Electronic Service of Process pursuant to Fed. Civ. P. 4(f)(3). Plaintiff respectfully requests that this Court grant authorization for Plaintiff to effectuate service of process by email and/or electronic publication.

## **TABLE OF AUTHORITIES**

**CASES**

*Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004) ............................................................... 5
*Chanel, Inc. v. Zhibing*, 2010 WL 1009981, at *4 (W.D. Tenn. March 17, 2010)........................ 7
*Chanel, Inc. v. Zhixian*, 2010 WL 1740695 at *3 (S.D. Fla. Apr. 29. 2010).................................. 7
*Gianni Versace, S.P.A. v. Yong Peng, et al.*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) [70] ........ 8
*Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011).......................................................... 9
*Hangzhou Chic Intelligent Tech. Co. v. Partnerships*, 2021 WL 1222783, at *3 (N.D. Ill. Apr. 1, 2021).......................................................................................................................................... 10
*Hinsey v. Better Built Dry Kilns, Inc.*, 2009 WL 1766883, *2 (N.D. Ind. June 22, 2009) ............. 5
*In re Int'l Telemedia Assocs., Inc.*, 245 B.R. 713, 721 (Bankr. N.D. Ga. 2000)............................. 6
*In re S. African Apartheid Litig.*, 643 F. Supp. 2d 423, 434 & 437 (S.D.N.Y. 2009) .................... 9
*MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co., Ltd.*, 2008 WL 5100414, *2 (N.D. Ill. Dec. 1, 2008)............................................................................................................................................ 6
*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).................................. 5, 7
*Nat'l Ass'n for Stock Car Auto Racing, Inc. v. Does,* 584 F. Supp. 2d 824, 826 (W.D.N.C. 2008) ...................................................................................................................................................... 7, 8
*NBA Props., Inc. v. Partnerships*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021) ........................... 6, 7
*Oakley, Inc. v. Partnerships,* 2021 WL 2894166, at *4 (N.D. Ill. July 9, 2021)........................ 7, 8
*Ouyeinc Ltd. v. Alucy*, 20 C 3490, 2021 WL 2633317, at *3 (N.D. Ill. June 25, 2021)................. 6
*Playboy Enters. Int'l, Inc. v. Smartitan PTE Ltd.*, 804 F. Supp. 2d 730, 738 (N.D. Ill. 2011). ...... 4
*Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) ........................... 5, 6, 8
*TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 692 (S.D. Fla. Jan 11, 2012) ..................... 5, 7
*WhosHere, Inc. v. Orun,*, 2014 WL 670817, at *3 (E.D. Va. Feb. 20, 2014)................................ 9

**STATUTES**

Federal Rule of Civil Procedure 4(b)........................................................................................... 10
Federal Rule of Civil Procedure 4(f)(3)............................................................................... 1, 4, 5, 8
Federal Rule of Civil Procedure 4(h)(2) ........................................................................................ 4
Hague Convention, Art. 10, 20 U.S.T. 361 (1969)..................................................................... 8, 9

**MEMORANDUM OF LAW**

I.    **INTRODUCTION**

Plaintiff is requesting temporary *ex parte* relief based on an action for trademark infringement, counterfeiting, false designation of origin, and violation of the Illinois Uniform Deceptive Trade Practices Act (UDTPA), against the defendants identified on Amended Schedule A to the Complaint (the "Defendants"). Defendants operate fully interactive, ecommerce Internet stores under the online marketplace accounts listed on Amended Schedule A (the "Seller Aliases" or "Defendant Internet Stores"), using infringing and counterfeit versions of Plaintiff's federally registered trademarks ("Plaintiff's Trademarks") by offering for sale and/or selling unauthorized and counterfeit products. Plaintiff now moves this Court for alternative service of process via electronic means.

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff requests this Court's authorization to serve process by electronically publishing the Complaint, Summons, and other relevant pleadings and notices on a publicly accessible website, and/or by sending an email to the email addresses identified by the Defendants, and any email addresses provided for Defendants by third-parties. Fed. R. Civ. P. 4(f)(3). Plaintiff submits that providing notice via electronic publication and/or email, along with any notice that Defendants receive from ecommerce platforms and payment processors associated with the Defendant Internet Stores, is reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

Electronic service is further appropriate and necessary in this case because, on information and belief: (1) Defendants operate Defendant Internet Stores via the Internet; (2) Defendants have likely provided false names and physical address information in the registrations of their Defendant Internet Stores, in order to conceal their identities and locations, and in an attempt to avoid liability

1

for their unlawful conduct; and (3) Defendants rely primarily on electronic communications to communicate with their registrars and customers, demonstrating the reliability of this method of communication by which the operators of the Defendant Internet Stores may be apprised of the pendency of this action. Finally, authorizing service of process solely via email and/or electronic publication will benefit all parties and the Court by ensuring that Defendants receive prompt notice of this matter, thus allowing this action to move forward expeditiously. Absent the ability to serve Defendants in this manner, Plaintiff will almost certainly be left without the ability to pursue a final judgment.

## II. FACTUAL BACKGROUND

### A. Defendants Have Valid Means of Electronic Contact.

Defendants operate Internet-based businesses and ecommerce stores, and provide email addresses, as a means of communication, such that Plaintiff will be able to provide Defendants with notice of this action via email and online publication. As a practical matter, it is necessary for merchants who operate entirely online, such as Defendants, to provide customers and online marketplaces with a valid electronic means by which customers may contact the merchants to ask questions about the merchants' products, place orders from the merchants, and receive information from the merchants regarding the shipments of orders. *See* accompanying Declaration of Ann Marie Sullivan ("Sullivan Decl.") at ¶ 2. Moreover, ecommerce defendants must maintain accurate email addresses where their marketplace platform administrator or domain registrar, and payment processor, may communicate with them regarding issues related to the maintenance of their ecommerce store or domain name accounts, and transfer of funds for the payment for goods. *Id.* Defendants further receive notice of this action by email via the ecommerce marketplace platform that Defendants use to conduct their commercial transactions. *Id.* at ¶ 3.

Additionally, Plaintiff will also provide each Defendant notice of this action via electronic

publication on a website ("Plaintiff's Service Website"), specifically created for this lawsuit, whereon copies of the Complaint and all other relevant pleadings, documents, and orders issued in this action will be posted, such that anyone accessing Plaintiff's Service Website will have access to those documents. The URL webpage address of, and link to, Plaintiff's Service Website will be provided to Defendants via email to Defendants' known email addresses, and will be sent to any email address provided for Defendants in the subpoena responses of the various online marketplaces and payment processors, and will also be included within the service of process email. Accordingly, each Defendant has the means to receive notice of this action electronically, via email, as well as via online publication.

  **B.**  **Defendants Rely on Electronic Communications.**

  Defendants have structured their Defendant Internet Stores so that the means for customers to purchase Defendants' counterfeit goods is by placing an order electronically. *See* Sullivan Decl. at ¶ 4. Defendants take and confirm orders online and rely on electronic means to receive payment. *Id.* Furthermore, customers may contact the Defendant Internet Stores solely by electronic means, either by email, or by a contact form submitted via the Defendant Internet Store, which notifies Defendants via email with the customer's message. *Id.* at ¶ X. As such, it can be presumed that electronic communication is the Defendants' preferred mode of communication when it comes to notification of matters related to the Defendant Internet Stores. *Id.*

  Moreover, Defendants must provide an email address to the third-party online marketplace platforms through which Defendants operate for communication purposes. *Id*. at ¶ 5. However, few, if any, merchants purport to provide any type of physical address to these third-party platforms – much less a valid, accurate, and/or verifiable physical address. *Id*. Unlike an email address, which is typically verified by the third-party online platforms, no verification typically occurs for physical addresses. *Id*. at ¶ 6. Because an Internet store operator can often input any

3

physical address, such addresses are usually false, incomplete, and/or is not valid. *Id*. As such, even if a physical address is discoverable, it is not a reliable means for identifying and locating Defendants. *Id*.[4]

### III.  ARGUMENT

Pursuant to Federal Rule of Civil Procedure 4(h)(2), a foreign partnership or other unincorporated association may be served with process in any manner prescribed by Rule 4(f) for serving foreign individuals. Federal Rule of Civil Procedure 4(f)(3) allows a district court to authorize an alternative method for service to be effectuated upon a foreign defendant, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendant. In the present matter, alternative service of process via email and by posting on Plaintiff's Service Website are appropriate, given that Defendants have established Internet-based ecommerce businesses, by which they rely on electronic communications for their operation, and that service in this manner is reasonably calculated in order to apprise Defendants of this action. Accordingly, this Court should permit service on Defendants by email and electronic publication.

#### A. **Electronic Service of Process is Permitted Under Fed. R. Civ. P 4(f)(3)**

Federal Rules of Civil Procedure 4(h)(2) allows a foreign business entity to be served with process "in any manner prescribed by Rule 4(f)," including any manner ordered under Rule 4(f)(3)." *Playboy Enters. Int'l, Inc. v. Smartitan (Singapore) PTE Ltd.*, 804 F. Supp. 2d 730, 738 (N.D. Ill. 2011). A foreign partnership or other unincorporated association can therefore be served in the same manner as serving a foreign individual pursuant to Fed. R. Civ. P. 4(f)(3). *Id.*

Furthermore, the plain language of Rule 4(f)(3) reflects that the decision to issue an order

---

[4] Indeed, a January 2020 publication on counterfeiting by the Department of Homeland Security ("DHS") cites a "lack of relevant policies and procedures to verify sellers' true names and addresses" by third party platforms, which "contributes to a range of impediments to effective enforcement." Sullivan Decl. at ¶ 7.

allowing an alternate means of service is committed to the sound discretion of the district court. *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004) (citations omitted); *see also Hinsey v. Better Built Dry Kilns, Inc*, 2009 WL 1766883, *2 (N.D. Ind. June 22, 2009). ("Rule 4(f)(3) provides the Court with flexibility and discretion empowering courts to fit the manner of service utilized to the facts and circumstances of the particular case.") *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternate relief under Rule 4(f)(3). Fed. R. Civ. P. 4(f)(3). *Id.* at 1007, 1014-15. As the *Rio* Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Id.* at 1014. To the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. *See infra*. There are no other limitations or requirements. *Id.* Alternate service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. *Id.* As such, this Court may allow Plaintiff to serve Defendants via electronic publication and/or email.

  **B.**  **<u>Electronic Service is Reasonably Calculated to Apprise Defendants of the Action</u>**

Additionally, the Constitution itself does not mandate that service be effectuated in any particular way. Rather, Constitutional due process considerations require only that the method of service selected be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 692 (S.D. Fla. Jan 11, 2012); *Rio Props., Inc.*, 284 F.3d at 1016. The Circuit Court in *Rio* held, "without hesitation," that email service of an online business defendant "was constitutionally acceptable." *Id.* at 1017. The Court reached this conclusion, in part, because

5

the defendant conducted its business over the Internet, used email regularly in its business, and encouraged parties to contact it via email. *Id.* Similarly, a number of Courts, including the Northern District of Illinois, have held that alternative forms of service pursuant to Rule 4(f)(3), including email service, are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw." Fed. R. Civ. P. 4(f)(3) . *Id.* at 1018; *see also, MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co., Ltd*, 2008 WL 5100414, *2 (N.D. Ill. Dec. 1, 2008) (holding email and facsimile service appropriate).

Federal courts have allowed a variety of alternate service methods, including service by email and service by posting on a designated website, where a plaintiff demonstrates the likelihood that the proposed alternate method of service will notify a defendant of the pendency of the action. *See, e.g., Rio Props., Inc.,* 284 F.3d at 1017 (holding "not only that service of process by e-mail was proper—that is, reasonably calculated to apprise [the defendant] of the pendency of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach [the defendant]."); *In re Int'l Telemedia Assocs., Inc.*, 245 B.R. 713, 721 (Bankr. N.D. Ga. 2000) ("If any methods of communication can be reasonably calculated to provide a defendant with real notice, surely those communication channels utilized and preferred by the defendant himself must be included among them."). Courts in this district have regularly held that alternate forms of service pursuant to Rule 4(f)(3), such as email service, are appropriate and may be the only means of effecting service of process when faced with an international e-business counterfeiting scheme and when defendants conducted their online businesses entirely through electronic communications. *See Ouyeinc Ltd. v. Alucy*, 2021 WL 2633317, at *3 (N.D. Ill. June 25, 2021). *See also NBA Props., Inc. v. Partnerships and Unincorporated Associations Identified in Sched. "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021). (finding the Court could authorize

6

alternative service by email because Plaintiffs made a showing that Chinese defendant's email addresses were verified through sales platform, while physical addresses were not and funds from infringing products would otherwise be unrecoverable.); *Oakley, Inc. v. Partnerships and Unincorporated Associations Identified in Sched. "A"*, 2021 WL 2894166, at *4 (N.D. Ill. July 9, 2021)(same). *See Chanel, Inc. v. Zhixian*, 2010 WL 1740695 at *3 (S.D. Fla. Apr. 29. 2010) (email service "reasonably calculated to notify Defendants of the pendency of this action and provide him with an opportunity to present objections."); *TracFone Wireless, Inc.*, 278 F.R.D. at 693 (finding that service of process by email was reasonably calculated to apprise the defendants of the action and give it an opportunity to respond); *Chanel, Inc. v. Zhibing*, 2010 WL 1009981, at *4 (W.D. Tenn. March 17, 2010) (granting alternate service via email, stating that email service has the "greatest likelihood" of reaching ecommerce merchants, and noting "[t]he federal judiciary's own CM/ECF system alerts parties … by e-mail messages").

Furthermore, service of a defendant by posting on a designated website has also been deemed an appropriate means of service, as it is "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Nat'l Ass'n for Stock Car Auto Racing, Inc. v. Does,* 584 F. Supp. 2d 824, 826 (W.D.N.C. 2008) (citing *Mullane*, 339 U.S. at 306, 315-16). In *National Association for Stock Car Auto Racing, Inc*., the district court determined that the plaintiff could serve "Doe" defendants and apprise those defendants of a pending preliminary injunction hearing by posting on the Plaintiff's website. *Id*. This District has also consistently approved of this method of service in similar cases. *See, e.g., NBA Props., Inc.,* 549 F. Supp. 3d at 796; *Oakley, Inc.*, 2021 WL 2894166, at *4.

The foregoing authority demonstrates that allowing service via email and electronic

7

publication in the present case is appropriate and comports with constitutional notions of due process, particularly given Defendants' decisions to conduct their illegal businesses using the Internet and utilizing email as a primary means of communication. Here, service on Defendants by email and by posting on Plaintiff's Service Website will satisfy due process by apprising them of the action and giving them the opportunity to answer Plaintiff's claims. Based upon Plaintiff's investigation, each Defendant utilizes email as its principal means of contact, demonstrating that this means of contact is not just effective, but the most reliable means of communicating with that Defendant, and consequently, the most reliable means of providing Defendants with notice of this action. *See* Sullivan Decl. at ¶ 8. Moreover, service by posting on Plaintiff's Service Website will be an additional source of reliability as Defendants will be able to see copies of the Complaint and all other documents in this matter electronically via their Internet browser. *Id*.

      C. **Service of Process Via Electronic Means Are Not Prohibited by International Agreement**

Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement. Fed. R. Civ. P. 4(f)(3). *Gianni Versace, S.P.A. v. Yong Peng, et al.*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) (unpublished) [70] (citing *Rio Props., Inc.*, 284 F.3d at 1014). Service via email and via posting on a designated website is not prohibited by international agreement. Based upon the data provided in connection with the Defendant Internet Stores, including the shipping information and payment data provided by third-parties, Plaintiff has good cause to suspect the majority of Defendants are residing or operating in the People's Republic of China[5] ("China") or redistribute products from sources in China. *See*

---

[5] With respect to those Defendants residing outside of China, undersigned counsel has confirmed that there are no jurisdictions at issue that are signatories to an international treaty precluding service by email. Further, while some of these jurisdictions have objected to Article 10 of the Convention (like China), the same analysis set forth herein is equally applicable to these other jurisdictions. Sullivan Decl. at ¶ 12.

8

Sullivan Decl. at ¶ 9. The United States and China are signatories to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Service Convention"), which does not preclude a U.S. district court from authorizing service of process via email or posting on a designated website. *Id*. at ¶ 10. Thus, there are no international agreements prohibiting service by email or posting on a designated website. *Id*.

Article 10 to the Hague Service Convention allows service of process through means other than a signatory's Central Authority, such as "postal channels" and "judicial officers," provided the State of destination does not object to those means. See Hague Convention, Art. 10, 20 U.S.T. 361 (1969). While China has objected to the alternate means of service outlined in Article 10 of the Convention, China's objection is specifically limited to the means of service enumerated in Article 10, which do not include service via email or website posting. *See* Sullivan Decl. at ¶ 12. Additionally, because the declarations to the Hague Convention filed by China do not object to email and website posting service, "a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article X." *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011) (citations omitted); *see also WhosHere, Inc. v. Orun*, 2014 WL 670817, at *3 (E.D. Va. Feb. 20, 2014) (authorizing email service, noting objection to means of service listed in Article 10 "is specifically limited to the enumerated means of service in Article 10."). Moreover, an objection to the alternate means of service provided in Article 10 does not represent a per se objection to other forms of service, such as email or website posting. *See In re S. African Apartheid Litig*., 643 F. Supp. 2d 423, 434, & 437 (S.D.N.Y. 2009) (requiring express objection to alternative method of service by signatory nation to preclude that particular means of service). Consequently, China's objection to the means of alternate service provided in Article 10 does not prevent this Court from authorizing

9

alternate service of process via email or website posting. *See, e.g., Hangzhou Chic Intelligent Tech. Co. v. Partnerships and Unincorporated Associations Identified on Sched. A,* 2021 WL 1222783, at *3 (N.D. Ill. Apr. 1, 2021) (finding the Courts order for alternate email service of process was valid against Chinese Defendants because China has not objected to email service because China permits its courts to order service of Chinese process by email on defendants outside China).

### IV. CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests this Court's permission to serve Defendants via email and/or electronic publication. In accordance with this request, the proposed Temporary Restraining Order includes authorization to serve Defendants electronically and provides for issuance of a single original summons that shall apply to all Defendants in accordance with Federal Rule of Civil Procedure 4(b).

Dated: January 22, 2026

Respectfully submitted,

*/s/ Alison K. Carter*
Ann Marie Sullivan
Alison K. Carter
Gouthami V. Tufts

**SULLIVAN & CARTER, LLP**
111 W. Jackson Blvd. Ste 1700
Chicago, Illinois 60604
www.scip.law
929-724-7529
a.carter@scip.law

***ATTORNEYS FOR PLAINTIFF***