**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | |
|---|---|
| **BOSE CORPORATION**, | **Case Number: 1:26-cv-00011** |
| Plaintiff, | **DEFENDANT MUSICMATE2015'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| **THE PARTNERSHIPS IDENTIFIED ON SCHEDULE A,** | **Hon. Mary M. Rowland** |
| | **Magistrate Judge Hon. Young B. Kim** |
| Defendants. | |

## I.     INTRODUCTION

Defendant MusicMate2015 (No. 77 on Schedule A, hereinafter referred to as "MusicMate2015" or "Moving Defendant") hereby opposes Plaintiff BOSE CORPORATION, (hereinafter referred as "Plaintiff" or "Bose")'s motion for a preliminary injunction following the Court's January 26, 2026 order granting Plaintiff's unnoticed ex parte application to freeze Moving Defendants' assets, and motion for expedited discovery, and alternative service of process.  This is the first opportunity Moving Defendant has had to address Plaintiff's allegations and set the record straight. Moving Defendant acted swiftly to retain counsel to file the pending opposition.

Bose, like many other plaintiffs pursuing similar legal actions against numerous e-commerce sellers, has endeavored to consolidate multiple foreign defendants into a single lawsuit. Their aim is to swiftly obtain not only injunctive relief to halt purported infringement but also to freeze the financial accounts of these foreign defendants held by platforms such as Amazon or PayPal. Often, the frozen amounts far exceed the alleged gross sales of the products in question. This strategy relies on the fact that many defendants are small-scale enterprises located outside the U.S., hindered by language and cultural barriers or lacking the financial means to engage U.S. attorneys for their defense. Alternatively, these foreign defendants may recognize that the expenses associated with defending themselves often surpass the frozen funds. Consequently, trademark owners such as Bose pursue default judgments against absent defendants and petition for turnover orders, often without substantiating damages, effectively appropriating funds from these defendants in their absence.

/ / /

/ / /

MusicMate2015 is a Shanghai based online retailer that distributes and sells products including ear pads cushions under its own well-established brand and registered trademark, "Voarmaks" (U.S. Registration No. 6819686). (See Declaration of Yifei Wang, ¶¶ 3-4) MusicMate2015 offers various kinds of Voarmaks-branded ear pads cushions for sale on Amazon, one of which references "Bose" or "A20" to describe its compatibility with or suitability for use with Bose headphones, particularly the "Bose A20 Aviation Headsets". *Id*. ¶ 6. These references fall well within the doctrine of "nominative fair use" and/or "descriptive fair use" of the Lanham Act. Notably, neither the complaint nor the motion for preliminary injunction specify any particular product sold or listed by MusicMate2015 that allegedly forms the basis of the complaint. This omission is significant as it is the sole foundation for seeking preliminary injunctive relief. With such limited evidence, Bose fails to meet the demanding threshold required to demonstrate a clear necessity for injunctive relief.

## II.    LEGAL STANDARD

In order to obtain a preliminary injunction, Plaintiff must show 1) that it is reasonably likely to succeed on the merits; 2) that no adequate remedy at law exists; 3) that it will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and 4) the injunction will not harm the public interest. *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir.2010).

## III.    ARGUMENT

### A.    <u>Plaintiff Is Not Reasonably Likely to Succeed on the Merits</u>

Plaintiff has failed to make any argument regarding the likelihood of success in any claim against MusicMate2015. Its motion and accompanying brief lack substantive legal arguments on most issues and instead merely rely on conclusory allegations. Since there are no specific allegations against MusicMate2015, responding to Bose's arguments becomes rhetorically

challenging. However, MusicMate2015 is obligated to defend only against the actions Bose alleges it undertook, not those attributed to all "defendants." Yet, the Complaint and Bose's motion fail to fulfill the substantial burden required to demonstrate entitlement to injunctive relief with respect to MusicMate2015.

### 1. MusicMate2015's Use of Plaintiff's Mark Constitutes Fair Use

First, MusicMate2015's use of BOSE trademarks to describe its ear pads cushions in its listings constitutes descriptive and nominative fair use.  Specifically, MusicMate2015's listings state that its products are "compatible with Bose A20 Aviation Headset," or "replacement for Bose A20 Aviation Headset" meaning they can be used for Bose A20 Aviation Headset.  (Wang Decl. ¶ 9)  By indicating that its products are compatible with or can be used for Bose A20 Aviation Headset, MusicMate2015 is referring to Plaintiff and its headphones. MusicMate2015 clearly indicates that its product is not manufactured by or originating from Bose, but rather a product of their own. In fact, MusicMate2015 uses its own trademark on its ear pads cushions. (*Id.* ¶ 5)

To prevail on either a trademark claim or unfair competition claim, a plaintiff must demonstrate that the defendants' use of a protectable mark is likely to cause confusion among consumers. *Phoenix Entm't Partners v. Rumsey*, 829 F.3d 817, 822 (7th Cir. 2016). A plaintiff must thus plead allegations that make it plausible that such likelihood of confusion exists. See, *Fortres Grand Corp. v. Warner Bros. Entm't Inc.*, 763 F.3d 696, 700 (7th Cir. 2014) ("Allegations of consumer confusion in a trademark suit, just like any other allegations in any other suit, cannot save a claim if they are implausible).

Instead, Plaintiff pleads facts which demonstrate the implausibility of a likelihood of confusion, namely, Defendant's fair use of Plaintiff's mark. 15 U.S.C. § 1115(b)(4); *See Packman v. Chi Tribune Co.*, 267 F.3d 628, 639 (7th Cir. 2001) (observing that when no likelihood of

consumer confusion exists, the defendants use is often found to be fair use). Statutory fair use will serve as a complete defense to a claim for trademark infringement if the Defendant can show: (i) it did not use the mark as a trademark; (ii) the use is descriptive of its goods; and (iii) it used the mark fairly and in good faith. *Packman*, 267 F.3d at 639. A descriptive term "is one that merely describes the ingredients, qualities, or characteristics of an article of trade or service. *Timelines, Inc. v. Facebook, Inc.*, 938 F. Supp. 2d 781, 793 (N.D. Ill. 2013), quoting, *Mil-Mar Shoe Co., Inc. v. Shonac Corp.*, 75 F.3d 1153, 1157 (7th Cir. 1996).

Here, as shown in the pictures of MusicMate2015's products and listings on Amazon attached in Declaration of Yifei Wang, Moving Defendant does not use Bose's word or design mark as a trademark, instead, it only used phrases such as "compatible with Bose A20 Aviation Headset," or "replacement for Bose A20 Aviation Headset" in its listings to describe its ear pads cushions' compatibility with or suitability for use with Bose headphones. (Wang Decl. ¶ 9) In other words, MusicMate2015 never used the wording "BOSE" as a trademark to suggest or imply that its products are affiliated, endorsed or authorized by Bose, despite Plaintiff alleging so. Moving Defendant offers its products under its own registered brand "Voarmaks". As the customer reviews on Amazon indicated, consumers are aware that Moving Defendant's ear pads are "alternatives" to the original BOSE ear pads, meaning that they able to differentiate the products at issue, thus minimizing any likelihood of consumer confusion. *Id.* ¶ 11. In fact, Moving Defendant has never received any complaints from consumers who have mistaken or confused our products with those of Bose. *Id.*

Therefore, MusicMate2015 has never infringed on Bose's trademark rights. Bose is not reasonably likely to succeed on the merits.

/ / /

**B.      Plaintiff is Not Likely to Suffer Irreparable Harm**

Plaintiff has only claimed a *presumption* of irreparable harm built upon its success in pursuing a temporary restraining order. However, such "showing" of irreparable harm is nothing but a series of self-serving, conclusory allegations that lack any evidentiary support.  Plaintiff also cited a case law concerning copyright law which does not apply in this case.  As argued above, Plaintiff is not likely to prove that a likelihood of confusion exists particularly with respect to MusicMate2015's use of the Bose mark, and on this basis alone the motion must be denied.

**C.      Balance of Harms Favors MusicMate2015.**

Even if the Court were to find that Plaintiff is likely to be irreparably harmed, the balance of equities overwhelmingly favors denial of the motion.  The harm inflicted on MusicMate2015 once a preliminary injunction is granted will far outweigh the injury allegedly threatened to Plaintiff by the status quo. When assessing the necessity for injunctive relief, the Court must weigh the harm inflicted upon Bose by the denial of the preliminary injunction against the harm that MusicMate2015 would suffer if the injunction were to be granted. *See, e.g., Defense Distributed v. U.S. Dept. of State*, 838 F.3d 451, 459-60 (5th Cir. 2016).

If MusicMate2015's e-commerce storefronts were to be frozen or removed, it will suffer massive financial losses and the potential for losing their businesses, such irreparable harm that is disproportionate to any harm to Plaintiff. (See Exhibit 3, Wang Decl. ¶¶ 12-15) Moreover, the absence of injunctive relief against MusicMate2015 would have minimal if not zero impact on Bose. There is no imminent threat of harm to Bose by allowing MusicMate2015 to stay in business on Amazon.

In addition, MusicMate2015 sells many different kinds of ear pad cushions, not just those compatible with Bose. (Wang Decl. ¶ 8). Plaintiff complained of only two items of

MusicMate2015's many products, i.e. ASIN B0DN1MDJNZ and B0CYXHBWH8. Halting MusicMate2015's businesses and freezing all of its funds would result in massively unjustifiable harm to MusicMate2015.

### D. The Public Interest is Not Served by the Requested Injunctive Relief.

Lastly, the public interest is not served by the injunctive relief Plaintiff is seeking against MusicMate2015. The requested injunction would restrain far too much activity, even assuming that MusicMate2015 were able to show that any injunctive relief were warranted. Specifically, it would prohibit many other defendants like MusicMate2015 from using the "Bose", "A20", or other marks "in any manner," which would necessarily include descriptive and nominative fair use. The requested preliminary injunctive relief would deprive sellers the ability to truthfully communicate that the products they offer for sale can be used or are compatible with Bose products, notwithstanding the truth and accuracy of such statements. The public interest is no way served by removing a product from the marketplace with non-infringing uses.

## IV. CONCLUSION

Bose has employed aggressive litigation tactics, such as grouping hundreds of unrelated defendants together while freezing considerably large sums through thinly substantiated requests for asset freezes. In this instance, Bose has made sweeping but vague allegations of "infringement" and "counterfeiting" by emphasizing the potential adverse impact on the consumers and Plaintiff due to such activities. However, when it comes to MusicMate2015, there is a significant lack of factual basis and evidentiary support. Bose likely anticipated that defendants like MusicMate2015 would not contest the allegations, enabling them to make questionable claims against frozen accounts, often containing significantly more funds than Bose could realistically recover at trial. Consequently, in this case, Bose stands to unjustly obtain

DEFENDANT MUSICMATE2015'S OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

hundreds of thousands of dollars from numerous small businesses. While some defendants may indeed be involved in the type of infringing and counterfeiting conducts Bose aims to address, many, like MusicMate2015, are not.

In view of the foregoing facts and authorities, and the matters set forth in the Declaration of Yifei Wang filed herewith, MusicMate2015 respectfully requests that the Court deny Plaintiff's motion for preliminary injunction.

Date: March 4, 2026

Respectfully submitted,

**DI LI LAW, P.C.**

By ____s/Di Li/_____
Di Li, Esq. SBN: 6350525
**DI LI LAW, P.C.**
18725 Gale Ave, Suite 208
City of Industry, CA 91748
Tel.: (626) 723-4849
Fax: (626) 956-0744
Email: di@dililaw.com

Attorney for Defendant,
MusicMate2015 (No. 77 on Schedule A)

DEFENDANT MUSICMATE2015'S OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

## CERTIFICATE OF SERVICE

This is to certify that on March 4, 2026, a copy of the foregoing was filed via the Court's ECF filing system, thereby serving it upon all counsel of record.

/s/ Di Li_____

DEFENDANT MUSICMATE2015'S OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION