**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Bose Corporation, | ) | |
| Plaintiff, | ) | Case No.: 1:26-cv-00011 |
| v. | ) | |
| | ) | Dist. Judge Mary M. Rowland |
| The Partnerships Identified on Schedule A, | ) | |
| | ) | Mag. Judge Young B. Kim |
| | ) | |
| Defendants. | ) | |

**Unopposed Motion for Extension of Time**

**NOW COMES** ZHIJIE ("Defendant"), by and through its undersigned counsel, and hereby requests a short extension of time to respond to the Complaint, stating as follows:

**1.** Defendant was ostensibly served with process on February 18, 2026. [Dkt. 25].

**2.** Defendant remains substantively engaged with Plaintiff in settlement discussions, including the exchange of evidence and offers. Defendant requires a short additional time to explore and complete settlement, or respond to the Complaint if ultimately necessary. Defendant submits that an extension will not materially prejudice Plaintiff as other defendants may be separately defaulted and a short extension may help avoid unnecessary substantive motion practice.

**3.** Defendant was previously granted until July 28, 2026 to respond. [Dkt. 104].

**4.** This Court may, for good cause, extend the time by which a response is due "if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). "[U]nder Rule 6(b)(1) as interpreted by case law, the term "good cause" imposes a light burden." McCann v. Cullinan, 2015 WL 4254226, at * 10 (N.D. Ill 2015), *citing*, 1 Moore's Federal Practice § 6.06 [2] p. 632 (Matthew Bender 3d ed. 2013); *See*, Sec. Ins. Co. of Hartford v. Schipporeit, Inc., 69 F.3d 1377, 1381 (7th Cir. 1995), *citing*, C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir. 1984) ("[I]t is the policy of [the Seventh Circuit] to favor trials on the

merits over default judgments."); *See also*, Anderson v. Stanco Sports Library, Inc., 52 F.R.D. 108, 109 (D. S.C. 1971) ("[T]o enter default would deprive defendant of its day in court and preclude just determination of the question of liability.").

**5.** Defendant respectfully requests this Court extend the date on which Defendant is to have filed response(s) to Plaintiff's Complaint, if ultimately necessary, to August 18, 2026.

**6.** This motion has been filed in good faith and in the interest of judicial economy, and is not interposed for purposes of delay.

**7.** This is the second motion for an extension filed by Defendant in this case.

**8.** Plaintiff has expressed that it does not oppose the requested extension.

**WHEREFORE**, Defendant prays that the Court will enter an order:

a) extending the time for Defendant to respond to Plaintiff's Complaint until August 18, 2026.

Dated this July 28, 2026

Respectfully Submitted,

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
*Counsel for Defendant*