**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

BOSE CORPORATION,

Plaintiff,

v.

THE PARTNERSHIPS IDENTIFIED
ON SCHEDULE A,

Defendants.

Case No. 1:26-cv-00011

Judge Mary M. Rowland

**MEMORANDUM OPINION AND ORDER**

Plaintiff Bose Corporation ("Bose") brings an action for violations of the Lanham Act, 15 U.S.C. § 1114, *et seq.*, and the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA"), 815 ILCS § 510, *et seq.* by various Defendants. Defendant ChuangTuTu ("ChuangTuTu") moves to dissolve the preliminary injunction entered against it and dismiss for misjoinder. [78]. For the reasons explained, the motion [78] is granted in part.

## I.   Background[1]

Bose manufactures and sells a variety of audio equipment, including headphones and earbuds, along with merchandise related to the Bose brand (collectively, the "Bose Products"). [13-1] ¶ 5. Bose is the owner and rights holder of several federally

---

[1]The facts herein are taken from Bose's Complaint [1] [2], motion for entry of a temporary restraining order [12] [13], motion for preliminary injunction [24], response brief [88], ChuangTuTu's opening brief [79], reply brief [90], and the exhibits, declarations, and attachments accompanying those filings. The Court makes "factual determinations on the basis of a fair interpretation of the evidence before the court." *Darryl H. v. Coler*, 801 F.2d 893, 898 (7th Cir. 1986). Yet these findings are preliminary and "do not bind the district court as the case progresses." *Mich. v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 782 (7th Cir. 2011).

1

registered trademarks, including "Bose" (the "Bose Trademark"), and maintains the exclusive rights to develop, manufacture, distribute, license, promote, offer for sale, and sell the Bose Products in connection with the Bose Trademark. *Id.* ¶¶ 6–7.

ChuangTuTu[2] is a Chinese company that sells products on Amazon, some of which reference "Bose" in their product listing titles (the "ChuangTuTu Products"). [80] ¶¶ 4–5; [13-4] at 24–33. Below is a screenshot of a ChuangTuTu Product as it appeared on ChuangTuTu's Amazon storefront on September 9, 2025:



[13-4] at 28.

On January 5, 2026, Bose filed this action alleging, among other things, that ChuangTuTu used the Bose Trademark in commerce without authorization. [2] ¶¶ 46–56. On January 23, 2026, Bose moved *ex parte* for a temporary restraining order

---

[2]Technically speaking, ChuangTuTu is the name of the Amazon storefront, and Changsha Shi Chuang Tu E-commerce Co., Ltd is the company that operates the storefront. [80] ¶ 3. For simplicity's sake, the Court will refer to the defendant here as "ChuangTuTu."

("TRO") [12] [13], which this Court granted on January 26, 2026. [17]. On February 18, 2026, Bose moved to convert the TRO into a preliminary injunction, [24], which this Court entered with respect to ChuangTuTu on March 18, 2026. [49].

On April 28, 2026, ChuangTuTu moved to dissolve the preliminary injunction and dismiss for improper joinder. [78].

## II. Dissolution of the Preliminary Injunction

Courts consider the same factors for dissolving a preliminary injunction as those applied when granting or denying one in the first place. *Innovation Indus., LLC v. Partnerships Identified on Schedule A*, 807 F. Supp. 3d 844, 849 (N.D. Ill. 2025). "To obtain a preliminary injunction, a plaintiff must show that it is likely to succeed on the merits, and that traditional legal remedies would be inadequate, such that it would suffer irreparable harm without the injunction." *Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 539 (7th Cir. 2021). Once the plaintiff has made this showing, the Court balances "the harm of denying an injunction to the plaintiff against the harm to the defendant of granting one." *Id.* The Court also considers the public interest. *Id.*

ChuangTuTu contends that Bose failed to satisfy these requirements and thus the preliminary injunction must be dissolved. For the reasons below, the Court disagrees.

### A. Likelihood of Success on the Merits

To prevail on a Lanham Act trademark infringement claim[3], a plaintiff must establish that (1) it has a protectable trademark; (2) the defendant is not authorized

---

[3]Bose also brings false designation of origin and IUDTPA claims. As a preliminary injunction only requires a likelihood of success on at least one claim, *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1096 (7th Cir. 2008), the Court does not reach those claims.

to use the mark; and (3) the defendant's use of the mark is likely to cause confusion among consumers. *Luxottica Grp. S.p.A. v. Light in the Box Ltd.*, No. 16-cv-05314, 2016 WL 11940344, at *1 (N.D. Ill. Sept. 6, 2016).

The first two elements are satisfied. Registration of the Bose Trademark is *prima facie* evidence of its validity and Bose has not authorized ChuangTuTu to use the Bose Trademark. [13-1] ¶¶ 6, 13; *Walgreen Co. v. Walgreen Health Sols., LLC*, No. 23-cv-17067, 2024 WL 4278101, at *4 (N.D. Ill. Sept. 24, 2024). ChuangTuTu does not contest either of these elements.

The third element is also satisfied. The Seventh Circuit employs a seven factor test[4] to determine whether consumers are likely to be confused: "(1) the similarity between the marks in appearance and suggestion; (2) the similarity of the products; (3) the area and manner of concurrent use; (4) the degree and care likely to be exercised by consumers; (5) the strength of the plaintiff's mark; (6) any actual confusion; and (7) the intent of the defendant to 'palm off' his product as that of another." *AutoZone, Inc. v. Strick*, 543 F.3d 923, 929 (7th Cir. 2008). No single factor is dispositive, and courts may assign varying weight to each of the factors depending on the facts presented. *Id.*

The first factor asks whether "the viewer of an accused mark would be likely to associate the product or service with which it is connected with the source of products

---

[4]The Court recognizes that where, as here, a defense of nominative fair use is raised, application of the traditional multi-factor test for likelihood of confusion is difficult because many factors often "are either unworkable or not suited or helpful as indicators of confusion in this context." *Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 154 (4th Cir. 2012) (citation omitted). Without guidance from the Seventh Circuit, however, this Court will not depart from the standard seven factor test.

or services with which an earlier mark is connected." *Id.* at 930 (citation omitted). "The court should therefore consider whether the customer would believe that the trademark owner sponsored, endorsed or was otherwise affiliated with the product." *Id.* (cleaned up). The Court finds that a reasonable customer would affiliate the ChuangTuTu Products with Bose. In the challenged Amazon listing titles, the "Bose" mark appears as a noun at the leading position of each title. [13-4] at 24–33. Because consumers ordinarily read the leading noun in a product title as the brand of the item being sold, a consumer encountering these listings would understand Bose to be affiliated with the ChuangTuTu Products. This factor therefore favors Bose.

The second factor asks whether the parties' products "are the kind the public might very well attribute to a single source (the plaintiff)." *AutoZone*, 543 F.3d at 931 (citation omitted). The ChuangTuTu Products relate to headphones and earbuds. [13-4] at 24–33. Bose sells headphones and earbuds. [13-1] ¶ 5. A reasonable consumer, therefore, may believe that Bose produced the ChuangTuTu Products. This factor too favors Bose.

The third factor asks "whether there is a relationship in use, promotion, distribution, or sales between the goods or services of the parties." *AutoZone*, 543 F.3d at 932 (citation omitted). ChuangTuTu sells the ChuangTuTu Products online. [80] ¶ 5. Bose sells the Bose Products online and through authorized retailers. [13-1] ¶ 8. Thus, both parties target the same customer base: people looking to purchase products related to headphones and earbuds online. The third factor favors Bose.

5

As to the fourth factor "[t]he more widely accessible and inexpensive the products ... the more likely that consumers will exercise a lesser degree of care and discrimination in their purchases." *AutoZone*, 543 F.3d at 933 (citation omitted). The ChuangTuTu Products are widely accessible for anyone to purchase on Amazon and are sold for less than $10. [13-4] at 24–33. This factor also favors Bose.

For the fifth factor, "[t]he stronger the mark, the more likely it is that encroachment on it will produce confusion." *AutoZone*, 543 F.3d at 933 (citation omitted). Bose is globally recognized brand that spends over $10 million dollars annually marketing and promoting Bose Products that bear the Bose Trademark. [13-1] ¶¶ 4, 8, 9, 10. This factor too favors Bose.

The sixth factor asks whether there is any evidence of actual consumer confusion. Neither party presents evidence of actual confusion. This factor is neutral.

The seventh factor asks whether the defendant attempted to pass off its product as having come from the plaintiff. *Sorensen v. WD-40 Co.*, 792 F.3d 712, 731 (7th Cir. 2015). Passing off is a type of fraud in which the defendant "tr[ies] to get sales from a competitor by making consumers think that they are dealing with that competitor, when actually they are buying from the passer off." *Liquid Controls Corp. v. Liquid Control Corp.*, 802 F.2d 934, 940 (7th Cir. 1986). Though ChuangTuTu admits that it uses the Bose Trademark to describe its products' compatibility with certain Bose Products, the Court cannot say that this, standing alone, rises to the level of an intent to deceive consumers into believing Bose is the seller of their products. As Bose presents no other evidence of intent, the Court will not consider this factor. *Sands,*

6

*Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 961 (7th Cir. 1992) ("[a] defendant's intent is relevant to the issue of likelihood of confusion only if he intended to palm off his products as those of another, thereby profiting from confusion.") (quotations omitted).

In sum, five factors weigh in Bose's favor, and no factor weighs in ChuangTuTu's favor. On balance, therefore, the Court finds that Bose has shown a likelihood of success on its trademark infringement claim.

ChuangTuTu nevertheless maintains that Bose cannot show a likelihood of success because the doctrine of "nominative fair use" bars Bose's claim. This doctrine is an affirmative defense. *Tireboots by Universal Canvas, Inc. v. Tiresocks, Inc.*, No. 20-cv-7404, 2021 WL 5833986, at \*3 (N.D. Ill. Dec. 9, 2021) (J. Rowland).[5] This means to dissolve Bose's preliminary injunction based on such a defense, it is ChuangTuTu— not Bose—who bears the burden of showing likelihood of success. *Anderson v. Larry*, No. 21-cv-944, 2021 WL 4745390, at \*15 (N.D. Ill. Oct. 12, 2021).

ChuangTuTu has not met its burden. The Seventh Circuit has not formally endorsed the doctrine of nominative fair use. [75] at 12. But assuming that the defense is available, to prevail on it, ChuangTuTu "must show that: 1) the product in question is not readily identifiable without use of the trademark; 2) only so much of the mark is used as reasonably necessary to identify the product; and 3) the user of

---

[5]Most judges in this district treat nominative fair use as an affirmative defense. [75] at n.4 (collecting cases). It appears only one judge has found otherwise. *Data Mgmt. Ass'n Int'l v. Enter. Warehousing Sols., Inc.,* No. 20 C 04711, 2020 WL 7698368, at \*2 (N.D. Ill. Dec. 28, 2020) (J. Tharp). Without any authority from the Seventh Circuit, this Court, like it did in *Tireboots*, adopts the majority approach and treats nominative fair use as an affirmative defense.

the mark did nothing that would suggest sponsorship by the trademark holder." *Slep-Tone Ent. Corp. v. Coyne,* 41 F. Supp. 3d 707, 717 (N.D. Ill. 2014). At a minimum, ChuangTuTu fails prong two: it provides no evidence indicating why the ChuangTuTu Products need to incorporate the Bose Trademark as nouns in their product listing titles—the exact location where source-identifying information is generally found. Indeed, if ChuangTuTu wished to reference its products' compatibility with certain Bose Products, it could use the Bose Trademark as an adjective or disclose that information in the "Compatible Devices" section of its products' description. [88] at 8. ChuangTuTu offers no evidence for why it is "reasonably necessary" for the Bose Trademark to appear as a noun in its product listing titles to "identify the product." *Slep-Tone*, 41 F. Supp. 3d at 717. Without such evidence, ChuangTuTu has failed to demonstrate likelihood of success.

In sum, Bose has demonstrated a likelihood of success on the merits of its trademark infringement claim, and ChuangTuTu has failed to demonstrate likelihood of success on the merits of its fair use defense.

### B. Irreparable Harm

Bose has also sufficiently demonstrated irreparable harm. For preliminary injunctions based on Lanham Act trademark infringement claims, the plaintiff is "entitled to a rebuttable presumption of irreparable harm upon a finding … of likelihood of success on the merits." 15 U.S.C. § 1116(a); *AM Gen. Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 805 (7th Cir. 2002) (there is a "presumption that trademark dilution or infringement threatens irreparable injury for which there

is no adequate remedy at law."). As Bose has demonstrated a likelihood of success on the merits of its trademark infringement claim, it is entitled to the presumption here.

ChuangTuTu makes two arguments in opposition. The first is that under *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006), there is no longer an automatic presumption of irreparable harm in trademark cases. While this may be true for patents and copyrights, *see Flava Works, Inc. v. Gunter*, 689 F.3d 754, 755 (7th Cir. 2012), the Seventh Circuit has continued to apply the presumption in trademark cases. *See Kraft Foods Grp. Brands LLC v. Cracker Barrel Old Country Store, Inc.*, 735 F.3d 735, 741 (7th Cir. 2013). Even so, courts in this district have expressed doubt on whether the presumption is still viable in trademark actions. *See, e.g.*, *Mkt. Track, LLC v. Efficient Collaborative Retail Mktg., LLC*, No. 14 C 4957, 2015 WL 3637740, at *23 n.20 (N.D. Ill. June 11, 2015) (collecting cases). Given, however, the Seventh Circuit's post-*eBay* reliance on the presumption and because the Seventh Circuit has not addressed or overturned its precedents applying the presumption in trademark cases, this Court will continue to apply the presumption here. *Brithric Enters., LLC v. Bay Equity LLC*, No. 20-cv-04696, 2021 WL 1208957, at *10 (N.D. Ill. Mar. 31, 2021) (doing the same).

ChuangTuTu also avers that there is no likelihood of future irreparable harm because it has promised, via a sworn declaration, that it will not sell the ChuangTuTu Products in the future, use the Bose Trademark, or imply that its products are affiliated with Bose. [80] ¶¶ 19–22. Yet a bare promise by a party during litigation to discontinue past or ongoing misconduct "does not justify denial of injunctive relief,

since such unilateral action hardly suffices to ensure that the party will not, in the future, reverse course and resume its challenged activities." *3M Co. v. CovCare, Inc.*, 537 F. Supp. 3d 385, 404 (E.D.N.Y. 2021) (citation omitted); *see also Flava Works*, 689 F.3d at 762 ("cessation of an unlawful practice doesn't exonerate a defendant, since unless enjoined he might resume infringing."). There is no evidence, for instance, that ChuangTuTu no longer holds an inventory of ChuangTuTu Products, has ceased procuring ChuangTuTu Products, or has lost the ability to list the ChuangTuTu Products on its Amazon storefront. There is likewise no evidence that ChuangTuTu will not assist other entities in selling the ChuangTuTu Products. Given how easily ChuangTuTu could restore its prior Amazon listings—and how easily any affiliated entity could create new ones—there is a reasonable basis to conclude that infringement may resume.

Accordingly, Bose has adequately demonstrated irreparable harm.

### C. Balance of Harms

The balance of harms supports maintenance of the preliminary injunction. "When considering the balance of hardships between the parties in infringement cases, courts generally favor the trademark owner." *Nirvana, L.L.C. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 21-cv-01983, 2022 WL 22886568, at *2 (N.D. Ill. Mar. 1, 2022) (citing *Krause Int'l Inc. v. Reed Elsevier, Inc.*, 866 F. Supp. 585, 587-88 (D.D.C. 1994)). This is because a defendant "who adopts the mark of another for similar goods acts at his own peril, since he has no claim to the

profits or advantages thereby derived." *Id.* (citing *Burger King Corp. v. Majeed*, 805 F. Supp. 994, 1006 (S.D. Fla. 1992)).

In opposition, ChuangTuTu asserts that the balance of harms favors dissolution because the injunction froze approximately $15,000 in assets, far more than any profits it earned. [80] ¶¶ 15–17. The Court too shares these concerns. Given that the basis for Bose's asset restraint request is disgorgement of *profits* from the ChuangTuTu Products, [13] at 12, Bose is only entitled to a restraint on profits from those products. The Court, however, can remedy this issue by modifying[6] the asset restraint. As such, the Court assigns this harm little to no weight.

In sum, while ChuangTuTu identifies harm that would befall it if the preliminary injunction were not dissolved, that harm, given the Court's remedy, is not sufficient to outweigh the harm that Bose would suffer absent the preliminary injunction.

### D. Public Interest

Lastly, the Court finds that maintenance of the preliminary injunction serves the public interest. Bose has demonstrated a likelihood of confusion from ChuangTuTu's use of the Bose Trademark, and the Court finds that the public interest would be served by an injunction to prevent such confusion. *Eli Lilly & Co. v. Nat. Answers, Inc.*, 233 F.3d 456, 469 (7th Cir. 2000) (finding that "the public interest is served by the injunction because enforcement of the trademark laws prevents consumer

---

[6]ChuangTuTu submits a declaration explaining that the net proceeds on the ChuangTuTu Products after Amazon's expenses were $6,082. [91] ¶ 7. It supports this with evidence. [91-1]. ChuangTuTu also avers that it incurred an extra $2.4 per unit in manufacturing, shipping, and distribution costs. [91] ¶ 9. This is not supported by evidence. And the math doesn't add up. ChuangTuTu sold 2,881 units of ChuangTuTu Products. [91] ¶ 3. 2,881 x $2.4 is $6,914.4. This exceeds the net proceeds of $6,082 and means ChuangTuTu is losing money. The Court, thus, will modify the asset restraint to cover only $6,082.

11

confusion."). ChuangTuTu's opposition is effectively a repeat of its argument on the previous factors: it has stopped selling the ChuangTuTu Products and its use of the Bose Trademark was to indicate compatibility with certain Bose Products. Putting aside that these are more of a private harm borne by ChuangTuTu than an effect on the public interest, they are predicated on arguments that, for the reasons explained, the Court has found unpersuasive.

### III.   Improper Joinder

ChuangTuTu also moves to dismiss for improper joinder. Under Rule 20, a plaintiff may join multiple defendants in a single action if (1) the claims against them are asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) a "question of law or fact common to all defendants" exists. Fed. R. Civ. P. 20(a)(2). When applying Rule 20, "[a] district judge necessarily has considerable discretion." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018).

Bose has failed to establish that its claims against ChuangTuTu arise out of the same transaction, occurrence, or series of transactions or occurrences as its claims against other defendants. Its opposition brief does not even attempt to point to specific evidence supporting joinder. [88] at 12. At best, the evidence presented establishes nothing more than separate, parallel instances of infringement by different defendants. This is insufficient. *Viking Arm AS v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 24-cv-1566, 2024 WL 2953105, at \*1 (N.D. Ill. June 6, 2024) ("It is well established … that simply committing the same type of

12

violation in the same way does not link defendants together for the purpose of joinder.") (cleaned up).

The remedy for improper joinder "is severance or dismissal without prejudice." *UWM Student Ass'n*, 888 F.3d at 863. Severance is the better course here because dismissal would lift the preliminary injunction. *See Mansoori v. Patel*, No. 17-cv-08846, 2022 WL 683667, at *2 (N.D. Ill. Mar. 8, 2022) ("Even dismissal without prejudice is an improper remedy if it would result in gratuitous injury to the plaintiff.") (citation omitted).

### IV.     Conclusion

For the stated reasons, ChuangTuTu's motion [78] is granted in part. The Court will not dissolve the preliminary injunction against ChuangTuTu but modifies the asset restraint to $6,082. The Court will sever the claims against ChuangTuTu's into a separate action. In doing so, Bose will be required to pay a new filing fee. The Court will transfer documents in this action to that new matter. Before issuing the severance order, however, the Court will wait to see if Bose and ChuangTuTu can resolve this matter. By 8/28/26, Bose and ChuangTuTu shall file a status report on whether this matter can be resolved prior to the Court requiring the Clerk to open a new case.

E N T E R:

Dated: August 14, 2026

MARY M. ROWLAND
United States District Judge

13