# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.9 (rev. 1.9)
### Eastern Division

Bose Corporation, et al.

                                     Plaintiff,

v.                                                              Case No.: 1:26–cv–00011
                                                                Honorable Mary M. Rowland

ZHIJIE, et al.

                                     Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, August 14, 2026:

      MINUTE entry before the Honorable Mary M. Rowland: Defendant Zippercase's motion to dismiss [52] is denied. As to Count I (trademark infringement), Zippercase primarily raises the defenses of descriptive and nominative fair use. [52] at 4–10. The Court already rejected those defenses in its preliminary injunction ruling. [75]. But more importantly, these defenses are procedurally improper because whether fair use applies involves fact–intensive determinations inappropriate for a motion to dismiss. Trademark Rightsholder Identified in Exhibit 1 v. Individual, Partnerships, & Unincorporated Assocations, Identified on Schedule A, No. 23 C 16216, 2024 WL 4382195, at *2 (N.D. Ill. Oct. 2, 2024). Indeed, Zippercase's arguments are entirely dependent on a theory that its original listing submissions to Amazon did not utilize Plaintiff's trademarks in an infringing manner and yet Amazon independently modified how Zippercase's listing appeared when the listings were eventually shown to consumers. Based on this, Zippercase contends it qualifies for fair use, or alternatively, that there was no "use in commerce" of Plaintiff's trademark by Zippercase. But these arguments rely on external facts, such as Amazon's listing process and what submissions Zippercase originally made to Amazon. Looking at the Complaint and documents subject to judicial notice alone, there are sufficient allegations supporting an inference of trademark infringement by Zippercase based on certain listing titles on Zippercase's Amazon storefront containing Plaintiff's trademarks. [13–4] at 17–21; Williamson v. Curran, 714 F.3d 432, 436 (7th Cir. 2013) (on motion to dismiss, court may consider "documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice."). Defendant Zippercase can reraise these arguments on summary judgment after a full evidentiary record is developed. As to Counts II (false designation of origin, passing off, & unfair competition) and III (violation of the Illinois Uniform Deceptive Trade Practices Act), these claims involve the same elements and proofs as Count I, see KJ Korea, Inc. v. Health Korea, Inc., 66 F. Supp. 3d 1005, 1012 (N.D. Ill. 2014), and thus are also sufficiently plead at this stage in the litigation. The motion [52] must therefore be denied. By 8/28/26, Plaintiff and Defendant Zippercase shall file a joint initial status report. A template for the Initial Status Report, setting forth the information required, may be found at https://www.ilnd.uscourts.gov/judges.php by clicking on Judge Rowland's name and then again on the link entitled 'Initial Status Conference. 9; The litigants are further ordered to review all of Judge Rowland's standing orders and the information

available on her webpage. The Court will enter a scheduling order in response. Mailed notice. (jg, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.